**PORTER, Price Administrator, v. HAINES.**

No. 4115.

District Court, W. D. Missouri, W. D.

Oct. 22, 1946.

See also 66 F.Supp. 510.

Dick F. Bennett, Dist. Enforcement Atty., and Eugene F. O'Keefe, Enforcement Atty., both of Kansas City, Mo., for plaintiff.

Gage, Hillix, Shrader & Phelps, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion for a directed verdict in the above case was filed after the failure of a jury to agree and after a mistrial was declared by the court. This motion is filed pursuant to the provisions of Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is there provided that:

"Whenever a motion for a directed verdict made at the close of all the evidence is denied, * * *" and, "if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict."

The plaintiff, having filed a motion for a directed verdict at the close of all of the evidence, has renewed his motion for a directed verdict and has furnished memorandum of authorities to support his contentions.

Such authorities reflect the well known and familiar rule, that such a motion raises the question as to whether there was any substantial testimony to make it a submissible case, and, moreover, it is the rule that where reasonable, fair minded men may differ as to the conclusions of fact to be drawn from the evidence, a jury is a proper tribunal to decide the issue.

The question for decision, therefore, is whether the defendant offered any testimony of a substantial nature, to make a submissible case.

The undisputed evidence was that the defendant had sold new cars to several of his patrons and in each instance had received a used or second-hand car as part payment. Immediately after such sale or exchange, in each case, the defendant disposed of the used or trade-in car at a considerably advanced price, though slight, if any repairs had been made. The price received, however, was upon a warranty given to the purchaser by the defendant.

The regulation involved is Maximum Price Regulation numbered 594, and Section 23(d) (1) and (2) of said regulation is as follows:

"(d) 'REASONABLE VALUE OF A USED CAR TRADED IN ON A NEW AUTOMOBILE' for the purposes of this regulation means * * *

"(1) The applicable 'as is' price for the used car permitted by Maximum Price Regulation 540; or

. "(2) The fair market value of the top grade used car of the same make, model, body type, passenger capacity and wheel base sold 'as is' to a customer by the class of seller to which the seller belongs."

In the above quotation the question of deduction for repairs has been eliminated for the reason that the testimony did not justify a consideration of that feature of the regulation. The testimony showed that the defendant was a dealer in new as well as used cars. Many dealers were called who were engaged in a line of business exactly like that of the defendant and without exception such dealers testified that the price allowed by the defendant represented the reasonable value of the automobile exchanged, and that such prices were the fair market value of top grade cars precisely as set out in sub-paragraph (2) of said regulation. It was the uncontradicted testimony of such dealers that automobiles could not be sold without warranties, and that without a warranty there was no dependable "as is" price. It seems a proper construction of the regulation that it was the purpose to require the dealer to allow in exchange for a new car the exact sum he would demand in selling the same car as an "as is" car—that means, without a warranty. While the dealers currently had little experience in selling "as is" cars for the reason that with them there was no market or no demand, as their customers universally demanded warranties, yet, from their experience and observation, they expressed the opinion that

the allowance made by the defendant represented the fair market value as observed or experienced by them in selling the same model as an "as is" car. While the testimony may have been slight on specific details, yet it was substantial testimony, and represented the opinions of experienced and well informed witnesses. In this view, the court was right in denying the motion for a directed verdict at the time of the trial, and, if right then, it would now be a proper action to overrule the present motion. Such will be the ruling.